Martoche, J. (dissenting).
I respectfully dissent. My fundamental disagreement with the majority is based on its conclusion that the Municipal Code Violations Bureau (Bureau) of respondent City of Rochester (City) properly found petitioners guilty of owning property that was occupied without a valid Certificate of Occupancy (CO) in violation of the City Code. Although the appearance tickets described the violations as follows: “The subject property is occupied without a valid Certificate of Occupancy,” in fact, the tickets issued to petitioners alleged that they violated section 90-16 (A) (2) (d) of the City Code, which provides that a CO must be obtained within a period of 90 days prior to the expiration or termination of an existing CO. As Supreme Court noted in its decision, a footnote in the City Code indicates that a prior provision imposing a penalty for failure to apply for a CO had been repealed. I therefore agree with the court that no language in the City Code section relied upon by the Bureau actually prohibits a property from being occupied without a valid CO.
In my view, the majority construes the petition and the arguments in petitioners’ brief in an overly restrictive manner. In the petition, petitioners sought to have the determinations annulled on constitutional grounds as well as on the ground that they were “in violation of lawful procedure, affected by an error of law and were arbitrary and capricious.” Notably when the court initially transferred this proceeding to this Court pursuant to CPLR 7804 (g), we vacated the order of transfer and remitted the matter because the petition did not raise a substantial evidence issue (Matter of Burns v Carballada, 79 AD3d 1785 [2010]). We thus necessarily considered the remaining CPLR article 78 claims to be grounds for review of administrative acts, including those asserting that the determinations were affected by an error of law and were arbitrary and capri *1613 cious. The court, carrying out the mandate on remittitur, specifically held that the Bureau’s determinations were without sound basis and reason and were irrational because the City Code section that it relied upon was not actually violated. I cannot conclude that the court erred in reaching that result.
Resolution of this proceeding is complicated by the fact that petitioners do not argue that the determinations were unsupported by substantial evidence, even though, in my view, the City Code permits a person charged with a violation to answer by appearing at a hearing held before a hearing examiner (see § 13A-5 [A] [1]), as occurred here. Thus, there having been a “hearing” on the alleged violations, petitioners’ challenge to the resulting determinations should have been analyzed under the substantial evidence standard of CPLR 7803 (4). Petitioners, however, elected not to raise a substantial evidence issue in their petition or in their briefs to this Court, either in the prior transferred proceeding or on the present appeal, and thus have prevented the judicial system from adjudicating this proceeding under the proper legal standard. The court therefore considered upon remittal the only other possible grounds for reviewing the challenged administrative determinations and reached, in my view, a reasonable conclusion that they were arbitrary and capricious because they convicted petitioners in connection with conduct that was neither “charged nor what the conviction [was] based upon.”
I would therefore affirm the judgment annulling the determinations. Present — Centra, J.P., Peradotto, Bindley, Sconiers and Martoche, JJ.